UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Theodore E. Powell, )
)
    Plaintiff, )
)
v. ) Case: 1:14-cv-01997
) Assigned To : Unassigned
) Assign. Date : 11/25/2014
) Description: EMPLOY DISCRIM.
Mayor Vincent C. Gray *et al.*, )
)
    Defendants. )

MEMORANDUM OPINION

Plaintiff is a former teacher with the District of Columbia Public Schools who has submitted a complaint that once again challenges his termination on November 2010. For the following reasons, the Court will grant plaintiff's accompanying motion to proceed *in forma pauperis* and dismiss the case.

"As the plaintiff well knows, his exclusive remedy . . . comes by way of the District of Columbia's Comprehensive Merit Personnel Act" and judicial review in the Superior Court of the District of Columbia. *Powell v. Gray*, No. 13-1568, 2013 WL 5615129, at *1 (D.D.C. Sept. 26, 2013) (citing *Powell v. Am. Fed. of Teachers*, 883 F. Supp. 2d 183, 187 (D.D.C. 2012)) (other citations omitted). "[P]laintiff [] has no recourse in this Court." *Id.*

In addition, the instant complaint is procedurally barred to the extent that it is based on previously adjudicated facts. *See Powell*, 883 F. Supp. 2d at 184-85. Under the principle of *res judicata*, a final judgment on the merits in one action "bars any further claim based on the same 'nucleus of facts' . . . ." *Page v. United States*, 729 F.2d 818, 820 (D.C. Cir. 1984) (quoting *Expert Elec., Inc. v. Levine*, 554 F.2d 1227, 1234 (D.C. Cir. 1977)). And *res judicata* bars the

1

relitigation "of issues that were or *could have been raised* in [the prior] action." *Drake v. FAA*, 291 F.3d 59, 66 (D.C. Cir. 2002) (emphasis in original) (citing *Allen v. McCurry*, 449 U.S. 90, 94 (1980)); *see I.A.M. Nat'l Pension Fund v. Indus. Gear Mfg. Co.*, 723 F.2d 944, 949 (D.C. Cir. 1983) (noting that *res judicata* "forecloses all that which might have been litigated previously"); *accord Crowder v. Bierman, Geesing, and Ward LLC*, 713 F. Supp. 2d 6, 10 (D.D.C. 2010).

Although *res judicata* is an affirmative defense that typically must be pled, courts "may raise the res judicata preclusion defense *sua sponte*," *Rosendahl v. Nixon*, 360 Fed. Appx. 167, 168 (D.C. Cir. 2010) (citing *Arizona v. California*, 530 U.S. 392, 412-13 (2000); *Brown v. D.C.*, 514 F.3d 1279, 1285-86 (D.C. Cir. 2008)), and a "district court may apply res judicata upon taking judicial notice of [a] [party's] previous case," *Tinsley v. Equifax Credit Info. Serv's, Inc.*, No. 99-7031, 1999 WL 506720 (D.C. Cir. June 2, 1999) (per curiam) (citing *Gullo v. Veterans Cooperative Housing Ass'n*, 269 F.2d 517 (D.C. Cir. 1959) (per curiam)). A separate Order of dismissal accompanies this Memorandum Opinion.

/s/
United States District Judge

Date: November 21st, 2014